## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

_____
|  |  |
|---|---|
| **BARBARA LEWIS** ) | |
| ) | **Case Number** |
| **Plaintiff** ) | |
| ) | |
| **vs.** ) | **CIVIL COMPLAINT** |
| ) | |
| **PORTFOLIO RECOVERY** ) | |
| **ASSOCIATES, LLC** ) | |
| **A WHOLLY-OWNED** ) | **JURY TRIAL DEMANDED** |
| **SUBSIDIARY OF PORTFOLIO** ) | |
| **RECOVERY ASSOCIATES, INC** ) | |
| ) | |
| **Defendant** ) | |
_____ )

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Barbara Lewis, by and through her undersigned counsel, Brent F. Vullings, Esquire, of Vullings Law Group, LLC, complaining of Defendant, and respectfully avers as follows:

## I.  INTRODUCTORY STATEMENT

1.      Plaintiff, Barbara Lewis, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant, Portfolio Recovery, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices as well as violations of The Rosenthal Fair Debt Collection Practices Act, California Civil Code §§1788 et seq.

## II.  JURISDICTION

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3.      Venue in this District is proper in that the Defendant has an office located in this District.

## III.  PARTIES

4.      Plaintiff, Barbara Lewis, is an adult natural person residing at 29930 Winter Hawk Road, Apt. 40, Menifee, CA 92586. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.      Defendant, Portfolio Recovery Associates, LLC (Defendant, Portfolio Recovery), at all times relevant hereto, is and was a limited liability company engaged in the business of collecting debt within the State of California and the Commonwealth of Virginia with an office located at 1100 East Hector Street, Suite 250, West Conshohocken, PA 19428.

6.      Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant, Portfolio Recovery, is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.  FACTUAL ALLEGATIONS

7.      For over a year, Plaintiff has been receiving collection calls from the Defendant on a debt allegedly owed on a Capital One account.

8.     Plaintiff agrees that she was an authorized user on her mother's account, but did not have an account in her own name.

9.     Plaintiff's mother passed away in 1996.

10.     Plaintiff has made no payments on the above referenced account since prior to 2000, when Plaintiff was advised by her attorney that she was making payments on an account that did not belong to her.

11.     Defendant has given no explanation as to why they are attempting to collect on an account that has had no activity in over twelve (12) years.

12.     Defendant was demanding payment of over $5,000.00 yet the agent could not explain how the balance increased from approx. $2,000.00 to over $5,000.00.

13.     Plaintiff has asked numerous times for validation of this account in writing before she could make any arrangements.

14.     Defendant continually refuses to accommodate the Plaintiff's request for validation.

15.     During one call, Defendant's female agent scolded the Plaintiff telling her that she knew nothing about the law and that the Defendant had the right to collect on this debt indefinitely.

16.     Defendant continues to place collection calls to the Plaintiff several times per week despite their failure to provide validation of this account.

17.     Plaintiff continually feels threatened by the Defendant and their agents to making payments that she cannot afford.

18.     On or about August 21, 2012, the Plaintiff received another call from the Defendant wherein the agent demanded over $10,000.00 from the Plaintiff despite demanding approx. $5,000 just several months earlier.

19.     The Defendant acted in a false, deceptive, misleading and unfair when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

20.     As a direct consequence of Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

21.     Defendant, Portfolio Recovery, knew or should have known that their actions violated the FDCPA.  Additionally, the Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

22.     At all times pertinent hereto, the Defendant was acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

23.     At all times pertinent hereto, the conduct of the Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

24.     As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and

anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT I – FDCPA

25.     The above paragraphs are hereby incorporated herein by reference.

26.     At all times relevant hereto, Defendant, Portfolio Recovery, was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

27.     The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

§§ 1692d:         Any conduct the natural consequence of which is to harass, oppress, or abuse any person

§§ 1692d(5):     Caused the phone to ring or engaged any person in telephone conversations repeatedly.

§§ 1692e:         Any other false, deceptive, or misleading representation or means in connection with the debt collection

§§ 1692e(2):     Character, amount or legal status of the alleged debt

§§ 1692e(10):   Any false representation or deceptive means to collect a debt or obtain information about a consumer

§§ 1692f:         Any unfair or unconscionable means to collect or attempt to collect the alleged debt

§§ 1692g:       Failure to send the consumer a 30-day validation notice within five days of the initial communication

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Portfolio Recovery Associates, LLC, for the following:

a.    Actual damages;

b.    Statutory damages pursuant to 15 U.S.C. § 1692k;

c.    Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d.    Such additional and further relief as may be appropriate or that the interests of justice require.

d.    Such additional and further relief as may be appropriate or that the interests of justice require.


## COUNT II

## THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

## CALIFORNIA CIVIL CODE §§1788 et seq.

28.    Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated in this complaint.

29.    Defendant's actions constitute numerous and multiple violations of the California Civil code §§1788 et seq. as alleged above including but not limited to, violations of:

§§1788.11 (d):      Causing telephone to ring repeatedly or continuously to annoy the person or;

§§1788.11(e):       Communicating by telephone or in person, with the debtor with such frequency as to be unreasonable or to constitute an harassment to the debtor under the circumstances;

30.     Defendant's actions constitute numerous and multiple violations of the California Civil code §§1788.17 by failing to comply with the FDCPA as alleged above.

31.     As a result of the above-described violations of the CA FDCPA, Plaintiff has suffered out-of-pocket expenses and is therefore entitled to recover actual damages from Defendant pursuant to CA Civil Code §§1788.30 (a), statutory damages for a knowing or willful violation pursuant to CA Civil Code §§1788.30(b) and reasonable attorney's fees and costs pursuant to CA Civil Code §§1788.30(c) from Defendant.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Portfolio Recovery Services, LLC, for the following:

a.     An award of actual damages pursuant to CA Civil Code §§1788.30 (a);

b.     The maximum amount of statutory damages provided under CA Civil Code §§1788.30 (b);

c.     For an award of costs of litigation and reasonable attorneys' fees pursuant to CA Civil Code §§1788.30(c); and

d.     Such other or further relief as the Court deems just and proper.

## V.  <u>JURY DEMAND</u>

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**VULLINGS LAW GROUP, LLC**

**Date: September 26, 2012**

**BY:** _/s/  **Brent F. Vullings**_
Brent F. Vullings, Esquire
3953 Ridge Pike
Suite 102
Collegeville, PA 19426
P: 610-489-6060
F: 610-489-1997
Attorney for Plaintiff
bvullings@vullingslaw.com